## Case No. 14,870.

### UNITED STATES v. CORWIN et al.

[1 Bond, 149.] [1]

Circuit Court, S. D. Ohio. Oct. Term, 1857.

OFFICIAL BOND—ACTION ON—CREDITS—ACCOUNTING OFFICERS—EVIDENCE—TREASURY TRANSCRIPTS.

1. Treasury transcripts, showing the state of accounts as between the government and a disbursing officer of the United States, are prima facie evidence, and admissible as such in a suit against the officer or his sureties on an official bond.

2. The act of congress provides that in a suit on such bond no item of credit shall be allowed, unless it has previously been submitted to and disallowed by the proper accounting officers.

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

3. But it is competent for the officer or his sureties to prove that a disputed item of credit claimed had been thus presented and disallowed, although the treasury transcript does not show such presentation and rejection.

4. Where the evidence proves, to the satisfaction of a jury, in a suit on the bond of a disbursing officer, that money, reasonable in amount, was paid by such officer, and services were rendered by him in good faith, in the proper discharge of his official duties, such payment and service, if not prohibited by law, may be allowed as credits.

[Suit by the United States against R. C. Corwin and others to recover a shortage in the account of Henry Harvey, a sub-Indian agent, upon whose bond the defendants were sureties.]

Stanley Matthews, U. S. Dist. Atty.
Corwin & Warden, for defendants.

LEAVITT, District Judge (charging jury). This is a suit against the defendants, as sureties in the official bond of Henry Harvey, a sub-Indian agent of the United States for the Osage Indians. The condition of the bond is, in substance, that Harvey shall faithfully perform all his duties as such sub-Indian agent, and faithfully account for all moneys received by him, and all property which shall come officially into his possession. Transcripts from the books of the treasury department have been offered in evidence, purporting to show the moneys advanced by the United States to the subagent, and showing a nominal balance against him of $13,-553. Although, by act of congress, these treasury transcripts are made legal evidence for the government, they are not conclusive as to the amount due, and it is the right of the principal and the sureties, in an official bond, to prove that there are credits which do not appear in the account, and which ought justly to be allowed. And in the present case, it is admitted by the district attorney that the sub-Indian agent is entitled to large items of credit, reducing the actual claim of the government to the sum of $1,545.56, for which he claims a verdict. This, then, is the amount in controversy, and it will be for the jury to decide whether the defendants in this suit are liable for the sum claimed, or any other amount. And the decision of this issue must depend on the evidence in the case. For the government, although the party plaintiff, occupies a footing of perfect equality with a citizen as to the admissibility and force and effect of evidence, except in cases where, from considerations of public policy, immunities and privileges may have been specially conferred upon it by law, it has been found necessary, for the prevention of frauds on the treasury, to provide by law, that in any suit by the government for a balance due on an official bond, no credit shall be allowed, unless the items claimed as credits have been previously presented to the proper accounting officer, and have been by him disallowed in whole or in part. The only exceptions in the law are, where the officer claiming the credits was absent in a foreign country, or prevented by some other unavoidable cause from their presentation. But any items of credit, which do not appear in the treasury statement, and which have been presented and disallowed by the accounting officer, may be proved by the party charged; and if just and legal, will be admitted as proper credits. And, with a commendable spirit of liberality, the courts of the United States, in controversies between the government and the sureties in an official bond, have held that where an item of expenditure, or an act of official service, was fairly within the range of the legal duties and obligations of an officer, he and his sureties are entitled to a just allowance. But, in the strictness required by law in passing on the claims of an officer or his sureties, there is a necessity that this limitation should be strictly observed.

It is not proposed to detain the jury by a critical reference to the items of the treasury statements in this case. This document will be with the jury, and, with other evidence adduced, will be considered by them. There are some disputed items in controversy. Without referring to these in detail, it will be sufficient to state the following general rules for the guidance of the jury in forming their verdict: First. Every item of credit claimed by Harvey, as Indian subagent, which has been presented to the accounting officer of the treasury department, and by him rejected, if proved to the satisfaction of the jury to be just and equitable, ought to be allowed. Second. If the credit claimed is for money paid by the subagent, or for a service rendered by him in pursuance of law, or instructions from the proper department sanctioned by law, he and his sureties are entitled to its allowance. Third. If the jury are satisfied that the money paid by the officer, or the service rendered, was in good faith and the charge reasonable in amount, and that the payments or service pertained properly to his official duties, and were not prohibited by law, they may be allowed as credits.

Applying these rules to the disputed items of the defendant's claim, it will be for the jury to say what shall be allowed and what rejected. They will carefully examine and weigh the evidence before them, and return such a verdict as in their judgment shall be just and equitable.

The jury returned a verdict for the United States for the amount claimed as due from the subagent.